MELODY J. STEWART, J., DISSENTING:
 

 {¶ 28} I respectfully dissent from the majority decision in this case. The trial court abused its discretion by terminating Mother's parental rights. The evidence does not support a finding that the termination of Mother's parental rights would be in the best interest of the children under the circumstances of this case.
 

 {¶ 29} As the majority notes, R.C. 2151.414(D)(1) sets forth factors for the court to consider when determining whether
 terminating parental rights is in the best interest of the child. Those factors include the interaction and interrelationship of the child with the parents, siblings, and foster parents; the custodial history of the child; and the child's need for a legally secure permanent placement and whether that placement can be achieved without a grant of permanent custody.
 

 {¶ 30} In this case, Mother engaged in the case plan services and mental health services, she has stable housing, is appropriate with her children, and her children love her and are bonded with her. The primary concerns about Mother maintaining her parental rights center around domestic violence issues with the alleged father and Mother's lack of attendance to her children's mental health, occupational therapy, physical therapy, and speech therapy appointments.
 

 {¶ 31} The alleged father is incarcerated, and at the time of the permanent custody hearing, Mother was still actively engaged in domestic violence services. Furthermore, although the lack of initiative in routinely attending her children's appointments could, admittedly, be seen as demonstrating a lack of commitment to her children, there was no evidence that attending these appointments was required of Mother or a part of her case plan. The children's foster mother is responsible for making sure the children get to their appointments. And, although the foster mother stressed to Mother the importance of keeping up with the appointments, what is not clear is whether Mother understood this expression to mean that it is important to keep up with them now or when/if she gets her children back. To be sure, the evidence shows that Mother was told about the various appointments, but not that her attendance was required. As such, it may not have been clear to Mother that reunification was predicated on her attending the children's appointments while the foster mother was still responsible for taking them.
 

 {¶ 32} Finally, the most salient reason it appears that terminating Mother's parental rights at this time is an abuse of discretion is due to the fact that doing so would not change the children's status. The foster mother is not interested in adopting the children and will continue to foster them. This status can be maintained while mother has clear and specific expectations relayed to her on what is required to maintain her parental rights and get her children back. This is not a case where the parent has not made significant strides toward reunification. And because the children will continue to be well cared for in the foster mother's home, regardless of whether Mother's rights are terminated, extending the opportunity for reunification seems to be in the best interest of the children under the circumstances of this case, while terminating Mother's parental rights does not. I would find, therefore, that the trial court abused its discretion.